UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KARAM PRASAD LLC d/b/a/ BISHOP OF SEVENTH, a New York limited liability company,<br><br>                                        Plaintiff,<br><br>                    *- against -*<br><br>CACHE, INC., a Florida corporation,<br><br>                                        Defendant. | Case No. **07 CV 5785 (PAC) (JCF)**<br><br>_____<br><br>**AMENDED COMPLAINT**<br>_____<br><br>**A JURY TRIAL IS DEMANDED FOR ANY AND ALL ISSUES HEREIN THAT ARE TRIABLE OF RIGHT BY JURY.** |

Plaintiff, Karam Prasad LLC d/b/a/ Bishop of Seventh, as and for its Amended Complaint herein, upon information and belief, hereby states and alleges as follows:

PARTIES

1.      Plaintiff, Karam Prasad LLC, is a New York limited liability company, doing business as Bishop of Seventh, with a place of business at 147 W. 35th St., Ste. 1801, New York, NY 10001-2110.

2.      Defendant, Cache, Inc., is a Florida corporation with a principal place of business at 1440 Broadway, Fl. 5, New York, NY 10018-2385.

JURISDICTION AND VENUE

3.      This is an action for trademark and trade dress infringement and unfair competition arising the Federal Trademark Act of July 5, 1946, 15 U.S.C. § 1051, et seq. as amended, and under New York statutory and common law.

4.      This court has original and supplemental jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(b) in that these claims are brought to determine

a question of actual controversy between the parties arising under the trademark and unfair competition laws of the United States, and claims of unfair competition under New York law are joined with substantial and related claims under the Trademark Act.

5.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

FACTUAL BACKGROUND

6.      Plaintiff was formed in December 2003.  Plaintiff's principals--Karam Kim and Chachi Prasad--  are fashion designers having previous experience with Calvin Klein and Oscar De la Renta and other well-known fashion designers.

7.      Plaintiff creates, manufactures, and markets designer clothing, including jeans, sold through fashionable department stores and high-end boutiques such as Nordstrom and Wynn Las Vegas. Plaintiff's jeans are sold at retail at a price range of two hundred  to three hundred forty dollars ($$200-340).

8.      After carefully researching brands and logos in the denim market, Plaintiff created an original design, shown below within the outline of a rear pocket, as a trademark to identify and distinguish its line of designer jeans:



9.      Plaintiff's trademark, depicted above, is stitched into both back pockets of its jeans. A photograph of Plaintiff's jean design is shown at attached Exhibit A. This pocket stitching acts as Plaintiff's signature and is known to customers and in the trade as its distinguishing trademark. (Herein, the "signature" trademark.)

10.     Plaintiff adopted and used its signature trademark before the acts complained of herein by Defendant. More particularly, Plaintiff used its trademark at least as early as September 2004, and continues to use its mark in commerce.

11.     In conjunction with its signature trademark, Plaintiff uses a composite trademark consisting of the signature trademark with crystals inlaid in a besom pocket above the signature trademark. (Herein, the "composite" trademark.) This composite trademark is also shown in Exhibit A. Plaintiff used its composite trademark before the acts complained of herein by Defendant.

12.     Plaintiff's signature and composite trademarks are inherently distinctive. Through use and promotion thereof, Plaintiff's trademarks have become an intrinsic and essential part of the valuable goodwill and property of Plaintiff.

13.     In addition to its trademarks, Plaintiff also adopted and uses a trade dress for its jeans that is non-functional and uniquely identifies these products. This trade dress comprises the crystals inlaid in the besom pocket  above each of the back pockets, as discussed above for the composite mark, and these crystals are also repeated in both inner leg seams.

14.     Plaintiff used its trade dress at least as early as April 2005. This use is before the acts of Defendant complained of herein.

15.    Defendant retails clothing through its website at http://www.cache.com/ and approximately two hundred sixty (260) stores nationwide.

16.    Defendant markets a jean product called Besom Pocket Stretch Jean. This product was advertised for eighty-eight dollars ($88) on Defendant's website, as shown at the web page attached as Exhibit B.

17.    The foregoing jeans marketed by Defendant have a design stitched into both rear pockets. A photograph of these jeans is attached as Exhibit C showing this design. This design is virtually identical to Plaintiff's design shown in paragraph 8 above. In overall shape, contour and curve, the designs in the rear pocket stitching of Plaintiff and Defendant, as shown in Exhibits A and C, are strikingly similar.

18.    These jeans marketed by Defendant also use a besom pocket design inlaid with crystals and these inlaid crystals are also repeated in the outer seams of both legs.

19.     Defendant copied from Plaintiff the design stitched into the rear pockets of its Besom Pocket Stretch Jeans and the use of crystals inlaid into besom rear pockets and leg seams.

20.    Plaintiff's counsel notified counsel for Defendant by letter dated May 22, 2007 that Defendant's jeans were an infringing product. A copy of this letter is attached at Exhibit D. Defendant did not respond to this letter. Further notification was provided by emails of June 1 and 4, 2007 by Plaintiff's counsel to Defendant's counsel, copy attached at Exhibit E. Defendant did not respond to these emails.

21.    Defendant's conduct is causing irreparable harm to Plaintiff through likelihood of confusion, deception and/or mistake as to the source of origin, source, sponsorship or approval of Defendant's jeans, through the dilution of the distinctive

4

quality of Plaintiff's trademarks and trade dress, and through the depreciation of Plaintiff's valuable goodwill and business reputation symbolized by its trademarks and trade dress.

22.     Defendant's unlawful use of Plaintiff's trademarks and trade dress is a consumer-oriented deceptive practice that is materially misleading and injurious to consumers, to Plaintiff, and to the public interest.

23.     Defendant's unlawful acts, unless restrained, are likely to continue diverting sales from Plaintiff and causing irreparable harm. Plaintiff has no adequate remedy at law because injury to reputation and goodwill cannot be quantified and such injury cannot be compensated by monetary awards.

24.     Defendant's unlawful acts alleged herein have been willful, deliberate, intentional, malicious, and in bad faith.

## FIRST CLAIM FOR RELIEF

25.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 above.

26.     As a complete and first ground for relief, Defendant's aforesaid acts constitute trademark infringement, of the signature mark and/or composite mark, in violation of 15 U.S.C. § 1125(a), thereby invoking and making available to Plaintiff the remedies under the Trademark Act.

## SECOND CLAIM FOR RELIEF

27.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 above.

28.    As a complete and second ground for relief, Defendant's aforesaid acts constitute trade dress infringement in violation of 15 U.S.C. § 1125(a), thereby invoking and making available to Plaintiff the remedies under the Trademark Act.

### THIRD CLAIM FOR RELIEF

29.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 above.

30.    As a complete and third ground for relief, Defendant's aforesaid acts constitute trademark infringement, of the signature mark and/or composite mark, in violation of the New York Arts and Cultural Affairs Law Section 33.09, thereby invoking and making available to Plaintiff the remedies under that Act.

### FOURTH CLAIM FOR RELIEF

31.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 above.

32.    As a complete and fourth ground for relief, Defendant's aforesaid acts constitute trade dress infringement in violation of the New York Arts and Cultural Affairs Law Section 33.09, thereby invoking and making available to Plaintiff the remedies under that Act.

### FIFTH CLAIM FOR RELIEF

33.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 above.

34.    As a complete and fifth ground for relief, Defendant's aforesaid acts as trademark infringement, of the signature mark and/or composite mark, constitute a

violation of Section 349 of the New York General Business Law, thereby invoking and making available to Plaintiff the remedies under that Act.

SIXTH CLAIM FOR RELIEF

35.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 above.

36.     As a complete and sixth ground for relief, Defendant's aforesaid acts as trade dress infringement constitute a violation of Section 349 of the New York General Business Law, thereby invoking and making available to Plaintiff the remedies under that Act.

SEVENTH CLAIM FOR RELIEF

37.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 above.

38.     As a complete and seventh ground for relief, Defendant's aforesaid acts as trademark infringement, of the signature mark and/or composite mark, constitute a violation of Section 360-l of the New York General Business Law, thereby invoking and making available to Plaintiff the remedies under that Act.

EIGHTH CLAIM FOR RELIEF

39.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 above.

40.     As a complete and eighth ground for relief, Defendant's aforesaid acts as trade dress infringement constitute a violation of Section 360-l of the New York General Business Law, thereby invoking and making available to Plaintiff the remedies under that Act.

NINTH CLAIM FOR RELIEF

41.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 above.

42.    As a complete and ninth ground for relief, Defendant's aforesaid acts of trademark infringement, of the signature mark and/or composite mark, constitute a violation of New York common law, thereby invoking and making available to Plaintiff common law remedies for same.

TENTH CLAIM FOR RELIEF

43.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 above.

44.    As a complete and tenth ground for relief, Defendant's aforesaid acts of trade dress infringement constitute a violation of New York common law, thereby invoking and making available to Plaintiff common law remedies for same.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]**

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

i.    Judgment declaring the following:

    a.    Plaintiff's trademarks and trade dress are valid and enforceable and are the exclusive property of Plaintiff; and

    b.    Defendant has infringed Plaintiff's trademarks and trade dress and competed unfairly with Plaintiff, and that such infringement and unfair competition has been willful, deliberate, intentional, malicious, and in bad faith.

ii.    That Defendant, and each of its officers, agents, servants, employees attorneys, successors and assigns, and all persons in active concert or participation with them, be enjoined preliminarily and permanently from:

    a.    Using in any manner Plaintiff's trademarks or trade dress, or any other mark or trade dress which so resembles that of Plaintiff as to be likely to cause confusion, deception or mistake on or in connection with the advertising, sale or offering for sale of any product not authorized by Plaintiff;

    b.    Using any false or misleading designation of origin which tends to pass off Defendant's products as those of Plaintiff; and

    c.    Any other conduct that otherwise infringes Plaintiff's trademarks or trade dress or competes unfairly with Plaintiff.

iii.    An order directing Defendant to deliver immediately to Plaintiff or its attorneys for destruction or other appropriate disposition any and all

products, labels, signs, prints, packages wrappers, advertising matter or other promotional material in its possession or control bearing Plaintiff's trademarks or trade dress, or any other mark or trade dress which so resembles that of Plaintiff as to be likely to cause confusion, mistake or deception.

iv.     That Defendant, within 30 days after service of judgment with notice of entry thereof, be required to file with the court and serve upon Plaintiff's attorneys a written report under oath setting forth in detail the manner in which Defendant has complied with paragraphs ii and iii above.

v.      An accounting of all profits received by Defendant from the sale of products in connection with its acts of infringement and unfair competition.

vi.     An award of the actual damages sustained by Plaintiff, including a reasonable royalty, on account of Defendant's infringement and unfair competition.

vii.    That this court order Defendant to pay treble damages and/or profits in view of its willful infringement and unfair competition.

viii.   That Defendant be required to pay punitive and/or enhanced damages in an amount the court may determine for its malicious, willful, intentional, deliberate, and bad-faith tortuous conduct.

ix.     That Defendant pay all costs, disbursements and reasonable attorney's fees incurred by Plaintiff in this matter.

    x.    That Plaintiff be awarded interest, including prejudgment interest, for any

monetary award of damages and/or profits.

    xi.    For such other and further relief as the Court deems just and proper.


Dated: New York, New York
       July 19, 2007

                                     **MILLEN, WHITE, ZELANO**
                                      **& BRANIGAN, P.C.**
                                      Attorneys for Plaintiff
                                          Michael S. Culver, *of counsel*
                                          (seeking *pro hac vice* admission)
                                          culver@mwzb.com
                                      2200 Clarendon Blvd., Ste. 1400
                                      Arlington, VA 22201-3360
                                      (703) 243-6333 tel.
                                      (703) 243-6410 fax

                                      **EDWARD F. WESTFIELD, P.C.**
                                      Attorneys for Plaintiff

                                    By: _*s/*_____
                                          **Edward F. Westfield Jr.**
                                        (EW1625)
                                      efwjr@efwpc.com
                                    274 Madison Ave., Ste. 1601
                                    New York, NY 10016-0701
                                    (212) 532-6625 tel.
                                    (212) 532-6627 fax


TO:    NIXON PEABODY LLP
       Attorneys for Defendant
       Attn: Tamar Duvdevani, Esq.
       (tduvdevani@nixonpeabody.com)
       437 Madison Ave., Fl. 23
       New York, NY 10022-7039
       (212) 940-3000 tel.
       (212) 940-3111 fax

**Exhibit A**

**Exhibit B**

**Exhibit B**



home    my account    order status    find a store    customer servic

se

**shop**

new arrivals
leather & suede salon
tops
bottoms
jackets
the dress collection
accessories
gift cards

Shop the
JUNE CATALOG
SHOP NOW

A luxurious concept
CACHÉ
LUXE

Pre-Memorial Day Sale
50% off

home



### Besom Pocket Stretch Jean
#03045P34631193

**$88.00**

Select Color: Denim

Select Size:       Quantity:

0      .        1      .

ADD TO BAG

add to wishlist    send to a friend    print this page

help        /        contact us        /        about us        /        investor relations        /        careers at Caché

**Exhibit C**

**Exhibit C**

**Exhibit D**

**Exhibit D**

May 22, 2007

**Delivered & By Email**

Corrine R. Gorski, Esq.
NIXON PEABODY LLP
Suite 900
401 9th Street NW
Washington, D.C. 20004-2145

   Re: Trademark/Trade Dress Infringement
     Karam Prasad, LLC v. Cache, Inc.

Dear Ms. Gorski:

   We are writing to you in your capacity as trademark counsel for Cache, Inc.  We represent Karam Prasad, LLC ("KPL"), owner of the BISHOP OF SEVENTH and PRASAD brands for quality designer jeans and other apparel sold through high-end boutiques, such as Wynn Las Vegas, and department stores such as Nordstrom.

   Since its inception, and as is common practice in the industry, our client has identified its jeans with a unique design stitched into the rear pockets.   This pocket stitching is KPL's signature and is known to customers and in the trade as its distinguishing mark.  KPL has also marketed jeans with a unique jewel design positioned above the rear pockets and in the inside seams.

   Cache has blatantly and willfully copied, among other things, our client's pocket stitching and jewel designs in its product Besom Pocket Stretch Jean.  Attached as Exhibit A is a page from the website at cache.com for reference.  Further evidence of the copying is in the photographs attached as Exhibit B showing the respective products by KPL and Cache.

   In view of the foregoing, we must demand that your client immediately cease all sales of the infringing product and provide an accounting of all sales.  We must have your response by no later than Friday, **May 25, 2007**.  Please note that nothing contained in or omitted from this letter shall be deemed an admission of any facts or a waiver of any rights or remedies which KPL may have, all of which are expressly reserved.

       Respectfully,

       s/

       Michael S. Culver

Enclosures

**Exhibit E**

**Exhibit E**

**Edward F. Westfield Jr.**

---

**From:**     Michael Culver [Culver@mwzb.com]
**Sent:**     Monday, June 04, 2007 12:31 PM
**To:**       cgorski@nixonpeabody.com; Scott Major
**Subject:**  Karam Prasad v. Cache

Dear Ms. Gorski:

Please respond today by return email to my email below of June 1.

Michael Culver
-----Original Message-----
**From:** Michael Culver
**Sent:** Friday, June 01, 2007 11:34 AM
**To:** 'cgorski@nixonpeabody.com'; Scott Major
**Subject:** Karam Prasad v. Cache


Dear Ms. Gorski:

I understand from your secretary that you are presently out of the office.  As we discussed on May 29, Cache was to respond to  my May 22 letter by May 30 or 31.  Please confirm by return email whether that response was sent, and if so, please forward a copy by email.  Otherwise, please state a date certain when Cache will respond.  Any further delay will be viewed unfavorably given the details set forth in my May 22 letter.

Please respond by copying to my partner, Scott Major, as indicated above.

Michael Culver
MILLEN, WHITE, ZELANO & BRANIGAN, P.C.
Suite 1400
2200 Clarendon Boulevard
Arlington, Virginia 22201
Tel 703-243-6333
Fax 703-243-6410
Culver@mwzb.com

This e-mail (and any attachments)  is solely for the use of the intended recipient(s).  This communication is confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2522, and may contain information protected by the attorney-client privilege.  If you are not the intended recipient (or authorized to receive for him/her), please be advised that you have received this e-mail in error and that any use, copying or disclosure is strictly prohibited.  If you have received this e-mail in error, please immediately notify us and destroy any copies of this e-mail.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KARAM PRASAD LLC d/b/a/ BISHOP OF
SEVENTH, a New York limited liability
company,

                                Plaintiff,

       - against -

CACHE, INC., a Florida corporation,

                             Defendant.

Case No. **07 CV 5785 (PAC) (JCF)**

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK

COUNTY OF NEW YORK
} ss.:

        EDWARD F. WESTFIELD JR., being duly sworn deposes and says

        1.      I am not a party to this action, am 18 years of age or older, and reside in the Borough of Brooklyn, County of Kings, City and State of New York. I am associated with Edward F. Westfield, P.C., attorneys for the plaintiff (local counsel) in the above entitled action.

        2.      July 19, 2007, I served a true and correct copy of the annexed **Amended Complaint**, by depositing the papers, enclosed in a properly addressed wrapper into the custody of an overnight delivery service (FedEx) for overnight delivery, prior to the latest time designated by the overnight delivery service for overnight delivery, addressed to the following address, which is designated by the addressee for that purpose or, if none is designated, which is the last known address of the addressee:

```
NIXON PEABODY LLP
ATTN: TAMAR DUVDEVANI ESQ
437 MADISON AVE FL 23
NEW YORK NY 10022-7039
(212) 940-3000 TEL
FEDEX NO: 7996 7845 2706
```

/s/ _____

**Edward F. Westfield Jr.**

Sworn to before me this
**19**th day of **July, 2007**

/s/ _____

(Notary Public)

EDWARD F. WESTFIELD
Notary Public, State of New York
N0O. 02WE5026190
Qualified In Bronx County
Commission Expires April 11, 2010

**EDWARD F. WESTFIELD, P.C.**
Attorneys for Plaintiff
274 Madison Ave., Ste. 1601
New York, NY 10016-0701
(212) 532-6625 tel.
(212) 532-6625 tel.
www.efwpc.com