UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KARAM PRASAD LLC d/b/a BISHOP OF
SEVENTH, a New York limited liability
company,

                        Plaintiff,

    -against-

CACHE, INC., a Florida corporation,

                        Defendant.

07 CV 5785 (PAC) (JCF)

## DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS CLAIMS FIVE, SIX, SEVEN, AND EIGHT OF THE AMENDED COMPLAINT

**NIXON PEABODY LLP**
Attorneys for Defendant
Cache, Inc.
437 Madison Avenue
New York, New York 10022
(212) 940-3000

Of Counsel:
Frank W. Ryan
Tamar Y. Duvdevani

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 1

I.  STANDARDS FOR A MOTION TO DISMISS PURSUANT
    TO FED. R. CIV. P. 12(b)(6)............................................................................................ 3

II. PLAINTIFF'S FIFTH AND SIXTH CLAIMS FOR DECEPTIVE TRADE PRACTICES
    MUST BE DISMISSED FOR FAILURE TO ALLEGE SUFFICIENT PUBLIC HARM - 3 -

III. PLAINTIFF'S SEVENTH AND EIGHTH CLAIMS UNDER NEW YORK GENERAL
     BUSINESS LAW § 360-L SHOULD BE DISMISSED BECAUSE PLAINTIFF'S
     ALLEGED MARKS ARE NEITHER "FAMOUS" NOR "EXTREMELY STRONG" ....... 6

CONCLUSION ........................................................................................................................ 10

## PRELIMINARY STATEMENT

This is a trademark and trade dress case about, *inter alia*, a design on the pocket of a pair of jeans. According to Plaintiff (despite the lack of a federal registration for any element of the jeans at issue), (1) the stitching on the pocket constitutes Plaintiff's "signature" trademark; (2) the line of jewels on the besom (the narrow piece of fabric that works as an edging on the pocket) together with the signature trademark constitutes its "composite" trademark; and (3) the jewels on the besom and down the pant legs constitutes Plaintiff's trade dress.

Plaintiff's complaint allegations, however, are not limited to trademark or trade dress infringement. Among the ten causes of action asserted by Plaintiff are two claims under Section 349 of New York General Business Law (Claims Five and Six), and two under Section 360-l of the New York General Business Law (Claims Seven and Eight). None of these four causes of action state a claim upon which relief can be granted; hence, none can withstand a motion to dismiss in lieu of an answer. It is black letter New York law that Section 349, the New York Deceptive Trade Practices statute, cannot support a claim for trademark infringement. It is equally well-settled that to plead a successful claim under Section 360-l, New York's Anti-Dilution statute, a trademark must be extremely strong. Examples of such extremely strong marks are, to name a few, Kodak, Google, Nikon, Disney, Exxon: in other words, household names. Because Plaintiff asserts Section 349 purely in connection with its trademark and trade dress allegations, and because Plaintiff's purported marks utterly fail to meet the standard required for the Anti-Dilution statute, these claims for relief must be dismissed.

## STATEMENT OF FACTS

Plaintiff Karam Prasad LLC d/b/a Bishop of Seventh ("Plaintiff" or "Prasad"), a New York Limited Liability Company created in 2003, creates, manufactures and markets designer

clothing sold through department stores and boutiques. (Am. Compl. ¶¶ 1, 7.) Defendant Cache, Inc. ("Cache") is a Florida corporation that retails clothing through its website and its stores nationwide. (Am. Compl. ¶¶ 2, 15.) Prasad asserts ten Claims for Relief against Cache all based upon Cache's alleged marketing of a pair of jeans that include a design that is allegedly "virtually identical to Plaintiff's design." (Am. Compl. ¶ 17.) This design, according to Prasad, consists of stitching on the rear pockets of the jeans (Prasad's purported "signature trademark"), and a besom pocket design above each of the rear pockets in which the besom is inlaid with small jewel-like settings (together with the signature trademark, the purported "composite trademark") which are repeated in both leg seams (together with the besom jewels, Prasad's purported trade dress). (Am. Compl. ¶¶ 8, 9, 11, 13.) Prasad's jeans are sold at retail (in department stores and boutiques) at a price range of $200.00 to $340.00. (Am. Compl. ¶ 7.) According to the Complaint, Cache's allegedly infringing jeans retail (in Cache's stores and on Cache's website) for $88. (Am. Compl. ¶¶ 15, 16.) Prasad does not assert that it has a federally registered trademark for either of the purported trademarks or the trade dress. (*See generally* Am. Compl.)

Prasad's ten Claims for Relief are for: violations of Section 1125(a) of the Lanham Act (Claims One and Two); violation of the New York Arts and Cultural Affairs Law Section 33.09 (Claims Three and Four); violation of Section 349 of New York General Business Law (Claims Five and Six); violations of Section 360-l of the New York General Business Law (Claims Seven and Eight); and common law trademark and trade dress infringement (Claims Nine and Ten).

Cache submits that while all of Prasad's claims wholly lack merit and will be unable to withstand a motion for summary judgment, Claims Five, Six, Seven, and Eight must be

dismissed at this juncture for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ARGUMENT

### I. STANDARDS FOR A MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

"The district court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Randolph Equities, LLC v. Carbon Capital, Inc.*, 05 Civ. 10889, 2007 U.S. Dist. LEXIS 21670, at *6-7 (S.D.N.Y. Mar. 26, 2007) (Crotty, J.) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984))). "The Court must accept as true all well-pleaded factual allegations in the complaint, and view them in the light most favorable to the plaintiff." *Id.* (citing *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996)). "Despite the Rule's liberal standard, 'conclusory allegations or legal conclusions masquerading as factual conclusions' are not sufficient to withstand a motion to dismiss." *Id.* at *7 (quoting *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d at 70.). *See also, e.g.*, *SMJ Group, Inc. v. 417 Lafayette Rest. LLC*, 06 Civ. 1774, 2006 U.S. Dist. LEXIS 61645, at *1-2 (S.D.N.Y. Aug. 30, 2006); *Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 272 (S.D.N.Y. 2003).

### II. PLAINTIFF'S FIFTH AND SIXTH CLAIMS FOR DECEPTIVE TRADE PRACTICES MUST BE DISMISSED FOR FAILURE TO ALLEGE SUFFICIENT PUBLIC HARM

Plaintiff's Fifth and Sixth Claims allege trademark and trade dress infringement in violation of Section 349 of the New York General Business Law. (Am. Compl. ¶¶ 33-36.) N.Y. Gen. Bus. Law § 349 ("Section 349") declares it unlawful to carry out any "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in

this state." To state a valid claim under Section 349, a plaintiff must show that "(1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000) (citing *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25 (1995)); *see also, e.g., Gucci America, Inc.*, 277 F. Supp. 2d at 273.

It is well established in this Circuit that corporate competitors can bring a claim under Section 349 only if "the gravamen of the complaint . . . [is] consumer injury or harm to the public interest." *See, e.g., Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995) (citing *AZBY Brokerage, Inc. v. Allstate Ins. Co.*, 681 F. Supp. 1084, 1089 n.6 (S.D.N.Y. 1988); *see also, e.g., Gucci America, Inc.*, 277 F. Supp. 2d at 273. Further, Section 349 claims have been found to be appropriate only where the public injury or harm consists of a "potential danger to the public health or safety." *Gucci America, Inc.*, 277 F. Supp. 2d at 273 (citing *La Cibeles, Inc. v. Adipar, Ltd.* No. 99 Civ. 4129, 2000 U.S. Dist. LEXIS 12676, at *50 (S.D.N.Y. Sept. 1, 2000) (citations omitted). *See also, e.g., Securitron Magnalock Corp.*, 65 F.3d at 264 (finding "the harm to the public was manifest" where appellants gave false information to a "regulatory agency primarily concerned with the safety of the public."); *Weight Watchers Int'l, Inc. v. Stouffer Corp.*, 744 F. Supp. 1259, 1285 (S.D.N.Y. 1990) (finding that sufficient public harm to bring a Section 349 claim would be established if allegations of false advertising regarding food and diet were proven).

Section 349 claims that "arise out of a trademark infringement action, and disputes between competitors where the core of the claim is harm to another business as opposed to consumers," have been routinely dismissed by courts in this district for a failure to "reflect a public harm that. . . satisf[ies] the pleading requirements of § 349." *Gucci America, Inc.*, 277 F.

Supp. 2d at 273. *See also, e.g., Winner Int'l v. Kryptonite Corp.,* No. 95 Civ. 247, 1996 U.S. Dist. LEXIS 2182, at *10 (S.D.N.Y. Feb. 27, 1996); *Fashion Boutique of Short Hills,* 91 Civ. 4544, 1992 U.S. Dist. LEXIS 9881, at *9-10 (S.D.N.Y. July 2, 1992); *Eliya, Inc. v. Kohl's Dept. Stores,* 06 Civ. 195, 2006 U.S. Dist. LEXIS 66637, at *23 (S.D.N.Y. Sept. 13, 2006) (citing *SMJ Group, Inc.* 2006 U.S. Dist. LEXIS 61645, at *13-14); *U-Neek, Inc. v. Wal-Mart Stores, Inc.,* 147 F. Supp. 2d 158, 176 (S.D.N.Y. 2001).

The public injury or harm that Plaintiff alleges is not sufficient to sustain a Section 349 claim. Specifically, Plaintiff's only allegation concerning public injury or harm is that the "unlawful use of [their] trademark and trade dress is a consumer-oriented deceptive practice that is materially misleading and injurious to consumers, to Plaintiff, and to the public interest." (Am. Compl. ¶ 22). This is precisely the type of consumer confusion claim that this Court has consistently dismissed as outside the scope of Section 349. *See, e.g., Gaetano Associates Ltd. v. Artee Collections, Inc.,* 05 Civ. 3329, 2006 U.S. Dist. LEXIS 5340, at *10 (S.D.N.Y. Feb. 14, 2006) (finding "that …[allegations of] general consumer confusion do not threaten the direct harm to consumers that is required to state a claim under Section 349.") (citing *Sports Traveler v. Advance Magazine Publrs.,* 6 Civ. 5150, 1997 U.S. Dist. LEXIS 3403, at *7-8 (S.D.N.Y. Mar. 24, 1997); *see also, e.g., Calvin Klein Trademark Trust v. Wachner,* 123 F. Supp. 2d 731, 737 (S.D.N.Y. 2000) (citing N.Y. Gen. Bus. § 349, at 567 (McKinney 1988) (Practice Commentaries) ("noting that cases concerning trademark or 'trade dress' infringement 'fall outside the original intent of §§ 349 and 350'").

Case 1:07-cv-05785-PAC    Document 24    Filed 08/10/2007    Page 8 of 12

In light of the foregoing, Plaintiff's Fifth and Sixth Claims for deceptive trade practices must be dismissed.[1]

### III. PLAINTIFF'S SEVENTH AND EIGHTH CLAIMS UNDER NEW YORK GENERAL BUSINESS LAW § 360-L SHOULD BE DISMISSED BECAUSE PLAINTIFF'S ALLEGED MARKS ARE NEITHER "FAMOUS" NOR "EXTREMELY STRONG"

Plaintiff's Seventh and Eighth Claims allege trademark and trade dress infringement in violation of the New York General Business Law § 360-l, New York's Anti-Dilution statute. (Am. Compl. ¶¶ 37-40.) Both the Federal Trademark Dilution Act ("FDTA"), 15 U.S.C. § 1125(c), and the New York Anti-Dilution statute guard against the unauthorized use of marks that harm the goodwill and value of a plaintiff's mark. *See, e.g., Mastercard Int'l Corp. v. Nader 2000 Primary Comm., Inc.*, 00 Civ. 6068, 2004 U.S. Dist. LEXIS 3644, at *18 (S.D.N.Y. Mar. 8, 2004).

The New York General Business Law § 360-l states:

> Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.

N.Y. Gen. Bus. Law § 360-l (McKinney 2007).

Like the FDTA, "[t]he New York Anti-Dilution statute . . . was passed to protect <u>famous</u> trademarks from use by others on non-competing goods: honing in on the dilution rather than the

---

[1] It is noteworthy that Section 349 "is, at its core, a consumer protection device." *Securitron.*, 65 F 3d. at 264. As such, it is in the public's best interest to dismiss all of Plaintiff's claims because it would give the public access to a broader range of merchandise at various price levels. *See, e.g., Dakota Industries, Inc. v. Ever Best Ltd.*, 944 F.2d 438, 441(8th Cir. 1991) (citing *Calvin Klein Cosmetics Corp. v. Lenox Laboratories, Inc.*, 815 F.2d 500, 504-505 (8th Cir. 1987) (Given that the "true nature of a trademark infringement action may be an attempt to shield against competition," courts have considered the public's interest when evaluating whether to grant preliminary injunctions in trademark actions.).

confusion caused by such use." *American Home Prod. Corp. v. Chattem, Inc.*, 84 Civ. 3671, 1986 U.S. Dist. LEXIS 25051, at *17 (S.D.N.Y. May 27, 1986) (emphasis added). The legislative intent of the New York General Business Law § 360-l confirms the laws' parallel purposes, stating that "[Section 360-l's purpose] is to provide a system of state trademark registration and protection substantially consistent with the federal system of trademark registration and protection under the Trademark Act of 1946, as amended." 1996 N.Y. Adv. Legis. Serv. 319 (LexisNexis). Section 360-l's legislative history also provides that "the construction given the federal act should be examined as persuasive authority for interpreting and construing this act." *Id.*; *see also, e.g., Waddington North America Bus. Trust v. EMI Plastics, Inc.*, 02 Civ. 3781, 2002 U.S. Dist. LEXIS 16634, at *28 (E.D.N.Y. Sept. 5, 2002) ("[t]he elements for the New York anti-dilution statute are identical [with the FDTA].") (citing *U-Neek, Inc. v. Wal-Mart Stores, Inc.*, 147 F. Supp. 2d 158, 175 (S.D.N.Y. 2001)); *Moore Bus. Forms, Inc. v. Rite Aid Corp.*, 21 U.S.P.Q.2D (BNA) 2024, 1991 U.S. Dist. LEXIS 18599, at *25 (W.D.N.Y. Dec. 6, 1991) (stating that the Second Circuit has indicated "that the state's antidilution statute would protect only extremely strong marks and also has noted that some commentators believe that only 'famous' or 'celebrated' marks should be protected by anti-dilution statutes.") (citing *Sally Gee, Inc. v. Myra Hogan, Inc.*, 699 F.2d 621, 625 (2d Cir. 1983)). "Dilution" is defined as "the lessening of the capacity of a famous mark to identify and distinguish goods or services, regardless of (1) competition between the owner of the famous mark and other parties, or (2) likelihood of confusion, mistake, or deception." 15 U.S.C. § 1127; *see also Mastercard Int'l Corp.*, 2004 U.S. Dist. LEXIS 3644 at *18. *Accord, American Home Products Corp.*, 1986 U.S. Dist. LEXIS 25051, at *17 ("Examples of trademarks found to dilute

famous trademarks include: Buick aspirin tablets, Kodak pianos, and Bulova gowns.") (citing *Sally Gee, Inc.*, 699 F.2d at 625).

Accordingly, to warrant protection under § 360-l, a plaintiff's mark <u>must</u> be famous or, at the very least, extremely strong. *See, e.g., Sally Gee, Inc.*, 699 F.2d at 625 (noting the New York anti-dilution statute protects only extremely strong marks.) (citing *Allied Maintenance Corp. v. Allied Mechanical Trades, Inc.*, 42 N.Y.2d 538, 545-46 (N.Y. 1977)); *Welch Allyn, Inc. v. Tyco Int'l Serv. AG*, 200 F. Supp. 2d 130, 150 (N.D.N.Y. 2002) (for a valid dilution claim, "the Second Circuit has found that there must be 'some mental association between' the parties' marks [which] may be created where the plaintiff's mark is very famous . . . .") (quoting *Mead Data Cent., Inc. v. Toyota Motor Sales, Inc.*, 875 F.2d 1026, 1031 (2d Cir. 1989)); *Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.*, 973 F.2d 1033, 1049 (2d Cir. 1992); *Swatch Group (U.S.) Inc. v. Movado Corp.*, 01 Civ. 0286, 2003 U.S. Dist. LEXIS 6015, at *18 (S.D.N.Y. April 10, 2003); *Malaco Leaf, AB v. Promotion In Motion, Inc.*, 287 F. Supp. 2d 355, 367 (S.D.N.Y. 2003); *Bigstar Entm't, Inc. v. Next Big Star, Inc.*, 105 F. Supp. 2d 185, 218 (S.D.N.Y. 2000); *Kraft Gen. Foods, Inc. v. Allied Old English, Inc.*, 831 F. Supp. 123, 134 (S.D.N.Y. 1993); *Olay Co. v. Cococare Prod., Inc.*, 218 U.S.P.Q. (BNA) 1028, 1983 U.S. Dist. LEXIS 17613, at *57 (S.D.N.Y. Apr. 19, 1983) (all stating that the Anti-Dilution statute protects only famous or extremely strong marks.). Thus, to successfully allege a claim for dilution, a plaintiff must plead that its mark is famous or extremely strong. *Id.*; *see also, e.g., SMJ Group, Inc. v. 417 Lafayette Rest. LLC*, 06 Civ. 1774, 2006 U.S. Dist. LEXIS 61645, at *9 (S.D.N.Y. Aug. 30, 2006); *Christopher D. Smithers Found., Inc. v. St. Lukes-Roosevelt Hosp. Ctr.*, 00 Civ. 5502, 2001 U.S. Dist. LEXIS 9293, at *16 (S.D.N.Y. July 5, 2001). Examples of famous or extremely strong marks include: Arthur the Aardvark (*Brown v. It's Entm't, Inc.*, 34 F. Supp. 2d 854, 859

(E.D.N.Y. 1999)), Barbie (*Mattel Inc. v. Jcom Inc.*, 48 U.S.P.Q.2d 1467, 1470 (S.D.N.Y. 1998)), Beanie Babies (*Ty Inc. v. Perryman*, 306 F.3d 509, 511 (7th Cir. 2002)), Cartier (*Cartier, Inc. v. Deziner Wholesale, L.L.C.*, 55 U.S.P.Q.2d 1131, 1136 (S.D.N.Y. 2000)), Goldfish (*Nabisco, Inc. v. PF Brands, Inc.*, 50 F. Supp. 2d 188, 205 (S.D.N.Y. 1999)), The Greatest Show on Earth (*Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. B.E. Windows Corp.*, 937 F. Supp. 204, 209-10 (S.D.N.Y. 1996)), Lexington (*Lexington Management Corp. v. Lexington Capital Partners*, 10 F. Supp. 2d 271, 289 (S.D.N.Y. 1998)), National Basketball Association (*NBA Prop. v. Untertainment Records LLC*, 99 Civ. 2933, 1999 WL 335147, at *8 (S.D.N.Y. May 26, 1999)), Nikon (*Nikon, Inc. v. Ikon Corp.*, 803 F. Supp. 910, 914 (S.D.N.Y. 1992)); and SPAM (*Hormel Foods Corp. v. Jim Henson Prods.*, 73 F.3d 497, 506 (2d Cir. 1996) ("It is beyond dispute that SPAM is an extremely strong mark.")).

Here, Plaintiff has failed to plead, because it cannot, that its alleged trademark and trade dress for stitching and rhinestones on its blue jeans are famous or extremely strong.[2] (*See generally* Am. Compl.) This oversight is detrimental to Plaintiff's 360-1 claims. *See, e.g., SMJ Group, Inc.*, 2006 U.S. Dist. LEXIS 61645, at *9 ("Plaintiffs have failed to sufficiently allege their dilution claims under either the federal or state causes of action, because plaintiffs have failed to allege that their marks are sufficiently famous or distinctive to warrant protection against dilution."); *Christopher D. Smithers Found., Inc.*, 2001 U.S. Dist. LEXIS 9293, at *16 (holding that because plaintiffs did not plead that they own a famous mark as required by 15

---

[2] In light of the vast amount of case law demonstrating the extreme strength a mark requires for a dilution claim, Plaintiff's legal conclusion that its jean design is "inherently distinctive" (Am. Compl. ¶ 12) does not save its dilution claims from dismissal. *See, e.g., SMJ Group, Inc.*, 2006 U.S. Dist. LEXIS 61645, at *10 ("Much like the legislative history behind the Lanham Act, the history of New York's dilution statute lists Dupont, Buick, Schlitz, Kodak, and Bulova as examples of marks that merit protection from dilution."); *Donini Int'l, S.P.A. v. Satec (U.S.A.) LLC*, 03 Civ. 9471, 2006 U.S. Dist. LEXIS 11416, at *15 (S.D.N.Y. Mar. 16, 2006) (conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss).

U.S.C. § 1125(c)(1), they could not establish a prima facie case of dilution or tarnishment under the Lanham Act and defendants' motion to dismiss that claim was granted.). Additionally, any attempt to amend the Complaint in this regard would prove futile because, as a matter of law, Plaintiff's purported trademark and trade dress are not famous or extremely strong. *Compare, e.g., Brown*, 34 F. Supp. 2d at 859; *Mattel Inc.*, 48 U.S.P.Q.2d at 1470; *Ty Inc.*, 306 F.3d at 511; *Cartier, Inc.*, 55 U.S.P.Q.2d at 1136; *Nabisco, Inc.*, 50 F. Supp. 2d at 205; *Ringling Bros.-Barnum & Bailey Combined Shows, Inc.*, 937 F. Supp. at 209-10; *Lexington Management Corp.*, 10 F. Supp. 2d at 289; *NBA Properties,* 1999 WL 335147, at *8.

For the foregoing reasons, Plaintiff's Seventh and Eighth Claims fail to allege a cause of action for which relief can be granted, and must be dismissed.

## CONCLUSION

In light of the foregoing, Defendant Cache Inc. respectfully requests that the Court dismiss the Fifth, Sixth, Seventh, and Eighth Claims of the Complaint.

DATED: August 10, 2007

                 **NIXON PEABODY LLP**

                 By: /s/ Tamar Duvdevani
                   Frank W. Ryan (FR 0618)
                   Tamar Y. Duvdevani (TD 7603)
                   437 Madison Avenue
                   New York, New York 10022
                   (212) 940-3000
                   Attorneys for Defendants