UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KARAM PRASAD LLC d/b/a BISHOP OF
SEVENTH, a New York limited liability
company,

                        Plaintiff,

    -against-

CACHE, INC., a Florida corporation,

                       Defendant.

07 CV 5785 (PAC) (JCF)

# DEFENDANT'S REPLY MEMORANDUM
## IN FURTHER SUPPORT OF ITS MOTION TO DISMISS
### CLAIMS FIVE, SIX, SEVEN, AND EIGHT OF THE AMENDED COMPLAINT

**NIXON PEABODY LLP**
**Attorneys for Defendant**
437 Madison Avenue
New York, New York 10022
(212) 940-3710

Frank W. Ryan
Tamar Y. Duvdevani

N.263749.1

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

INTRODUCTION ................................................................................................................. 1

ARGUMENT ......................................................................................................................... 2

    I.    DEFENDANT'S ARGUMENTS IN SUPPORT OF ITS SECTION 349 CLAIMS ARE UNPERSUASIVE ........................................................................................................ 2

        A)    Plaintiff's Mischaracterization of *Securitron* Fails to Support Its Section 349 Claims ........................................................................................... 2

        B)    Prasad's Suggestion that its Section 349 Claims Should Be Controlled by Case Law Regarding Section 5 of 15 U.S.C. § 45 Fails ............................................... 4

        C)    Prasad's Attempts to Recast Section 349 As Not Requiring An Impact On Public Health and Safety Run Counter to Precedent ............................................. 6

    II.    PLAINTIFF HAS NOT ALLEGED THAT ITS MARK IS SUFFICIENTLY STRONG AS TO WARRANT PROTECTION UNDER SECTION 360-l, THUS CLAIMS SEVEN AND EIGHT MUST BE DISMISSED .................................................................... 8

CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*AZBY Brokerage, Inc. v. Allstate Ins. Co.*, 681 F. Supp. 1084 (S.D.N.Y. 1988) .................. 7

*American Airlines Inc. v. North American Airlines, Inc.*, 351 U.S. 79, 76 S. Ct. 600 (1956) .................. 6

*Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 91 Civ. 4544, 1992 U.S. Dist. LEXIS 9881 (S.D.N.Y. July 2, 1992) .................. 5

*Bigstar Entm't, Inc. v. Next Big Star, Inc.*, 105 F. Supp. 2d 185 (S.D.N.Y. 2000) ........... 10

*Boriquen Biscuit Corp. v. M.V. Trading Corp.*, 443 F.3d 112 (1st Cir. 2006) .................. 3

*Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.*, 973 F.2d 1033 (2d Cir. 1992) ............. 10

*Centaur Commc'ns Ltd v. A/S/M/ Commc'ns, Inc.*, 652 F. Supp. 1105 (S.D.N.Y. 1987) .................. 8

*Donini Int'l, S.P.A. v. Satec (U.S.A.) LLC*, 03 Civ. 9471, 2006 U.S. Dist. LEXIS 11416 (S.D.N.Y. Mar. 16, 2006) .................. 2

*Federal Trade Comm'n v. Balme*, 23 F.2d 615 (2d Cir. 1928) .................. 4

*Federal Trade Comm'n v. Colgate-Palmolive Co.*, 380 U.S. 374, 85 S. Ct. 1035 (1965) .................. 6

*Federal Trade Comm'n v. Real Prods. Corp.*, 90 F.2d 617 (2d Cir. 1937) .................. 4

*GTFM, Inc. v. Solid Clothing*, 215 F. Supp. 2d 273 (S.D.N.Y. 2002) .................. 7

*Gross v. Bare Escentuals, Inc.*, 03 Civ. 3089, 2006 U.S. Dist. LEXIS 79320 (S.D.N.Y. Apr. 6, 2005) .................. 5

*Gucci America Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269 (S.D.N.Y. 2003) .................. 3, 7

*In re Houbigant Inc.*, 914 F. Supp. 964 (S.D.N.Y. 1995) .................. 7-8

*KOS Pharm., Inc. V. Andrx Corp.*, 369 F.3d 700 (3d Cir. 2004) .................. 4

*Kraft Gen. Foods, Inc. v. Allied Old English, Inc.*, 831 F. Supp. 123 (S.D.N.Y. 1993) .................. 10

*La cibeles, Inc. v. Adipar, Ltd.*, 99 Civ. 4129, 2000 U.S. Dist. LEXIS 12676 (S.D.N.Y. Sept. 1, 2000) .................. 7

*Malaco Leaf, AB v. Promotion In Motion, Inc.*, 287 F. Supp. 2d 355 (S.D.N.Y. 2003) ..........10

*Nat'l Distillers Prods. Co., LLC v. Refreshment Brands, Inc.*, 198 F. Supp. 2d 474 (S.D.N.Y. 2002) ..........5

*Pep Boys – Manny, Moe & Jack, Inc. v. Federal Trade Comm'n*, 122 F.2d 158 (3d Cir. 1941) ..........4

*Sally Gee, Inc. v. Myra Hogan, Inc.*, 699 F.2d 621 (2d Cir. 1983) ..........9

*Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256 (2d Cir. 1995) ..........2, 3, 5, 7

*SMJ Group, Inc. v. 417 Lafayette Rest. LLC.*, 60 Civ. 1774, 2006 WL 2516519 (S.D.N.Y. Aug. 30, 2006) ..........8, 9

*Something Old, Something New, Inc. v. QVC, Inc.*, 98 Civ. 7450, 1999 U.S. Dist. LEXIS 18878 (S.D.N.Y. Dec. 8, 1999) ..........4-5

*Sunbeam Prods Inc. v. West Bend Co.*, 123 F.3d 246 (5th Cir. 1997) ..........4

*Swatch Group (U.S.) Inc. v. Movado Corp.*, 01 Civ. 0286, 2003 U.S. Dist. LEXIS 6015 (S.D.N.Y. April 10, 2003) ..........10

*Tally-Ho Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018 (11th Cir. 1989) ..........4

*Tommy Hilfiger Licensing, Inc. v. Nature Labs*, LLC, 221 F. Supp. 2d 410 (S.D.N.Y. 2002) ..........8

*Traffix Devices v. Mktg. Displays*, 532 U.S. 23, 35 (U.S. 2001)); *Tally-Ho Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018 (11th Cir. 1989) ..........4

*Vitabolics, Ltd. v. Krupka*, 606 F. Supp. 779 (E.D.N.Y. 1984) ..........7

*Weight Watchers Int'l Inc. v. Stouffer Corp.*, 744 F. Supp. 1259 (S.D.N.Y. 1990) ..........7

*Welch Allyn, Inc. v. Tyco Int'l Serv. AG*, 200 F. Supp. 2d 130 (N.D.N.Y. 2002) ..........10

**STATE CASES**

*Allied Maintenance Corp. v. Allied Mechanical Trades, Inc.*, 42 N.Y.2d 538 (N.Y. 1977) ..........10

*DePinto v. Ashley Scott*, 222 A.D.2d 288, 635 N.Y.S.2d 215 (1st Dept. 1995) ..........5

*Karlin v. IVF America, Inc.*, 93 N.Y. 2d 282, 712 N.E.2d 662, 690 N.Y.S.2d 495 (1999) ..........6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KARAM PRASAD LLC d/b/a BISHOP OF SEVENTH, a New York limited liability company, <br><br> Plaintiff, <br><br> -against- <br><br> CACHE, INC., a Florida corporation, <br><br> Defendant. | 07 CV 5785 (PAC) (JCF) |

**PRELIMINARY STATEMENT**

Defendant Caché Inc. ("Cache") files this Reply in further support of its Motion to Dismiss claims Five, Six, Seven and Eight of Plaintiff Karam Prasad LLC's ("Prasad") Amended Complaint.

**INTRODUCTION**

Cache established in its Brief in Support of Its Motion to Dismiss Claims Five, Six, Seven and Eight of the Amended Complaint ("Cache Br." or "Cache Brief") that Prasad's claims regarding New York General Business Law Section 349 ("Section 349") and New York General Business Law Section 360-l ("Section 360-l") must be dismissed because 1) it is well-settled New York law that Section 349, the New York Deceptive Trade Practices statute, cannot support a claim for either trademark infringement or trade dress infringement that does not impact public health and/or safety; and 2) Prasad fails to show that its trademark is "extremely strong," a requirement for pleading a successful claim under Section 360-l, New York's Anti-Dilution statute.

Ignoring the above points, Prasad's Memorandum Opposing Defendant's Motion to Dismiss Counts 5-8 of the Amended Complaint ("Prasad Br." or "Prasad Brief") asserts a

N.263749.1

number of weak and unsuccessful arguments. These include taking the language of various cases out of context, applying federal law to a state statutory claim, and attempting to convince the court to ignore settled precedent in favor of creating a new standard of review. None of the arguments posited by Prasad refute the clearly delineated law presented in Cache's Brief, and, as such, claims Five, Six, Seven and Eight must be dismissed.

## ARGUMENT

### I. DEFENDANT'S ARGUMENTS IN SUPPORT OF ITS SECTION 349 CLAIMS ARE UNPERSUASIVE

Prasad takes a number of different tacks in its attempt to show that, despite the law of the jurisdiction, general trademark infringement of a design on a pair of denim jeans constitutes enough of an injury to trigger Section 349. All of Prasad's attempts fail.

#### A) Plaintiff's Mischaracterization of *Securitron* Fails to Support Its Section 349 Claims

Prasad argues that the Second Circuit's holding in *Securitron Magnalock Corp. v. Schnabolk,* 65 F.3d 256 (2d Cir. 1995), allows any trademark claims made under Section 349 to proceed, because the sole determinant of a properly pled claim under the statute is a showing of some remote impact on "public interest."[1] *Securitron,* 65 F.3d at 264. This argument fails in two ways – first, Prasad mischaracterizes the holding in *Securitron* by taking a single sentence out of context in order to improperly and incorrectly open up the field of Section 349 claims; and second, even if Prasad's mischaracterization were true, the law of this jurisdiction holds that

---

[1] Prasad states in its opposition brief, "Defendant argues the point as whether there is sufficient public injury or harm within Plaintiff's allegations of trademark infringement, although *Securitron* casts the question as whether there is injury or harm to the public interest." The seeming suggestion of this statement is that regardless of whether Prasad has adequately pled public harm within the complaint, it should be allowed to proceed with its claims. This is patently untrue – simply stating, as Prasad does in paragraph 22 of the Complaint, that "Defendant's unlawful use of Plaintiff's trademarks and trade dress is a consumer-oriented deceptive practice that is materially misleading and injurious to consumers, to Plaintiff and to the public interest," does not constitute a properly pled claim. *See, Donini Int'l, S.P.A. v. Satec (U.S.A.) LLC,* 03 Civ. 9471, 2006 U.S. Dist. LEXIS 11416 at *15 (S.D.N.Y. Mar. 16, 2006) (conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss).

2

claims arising "out of a trademark infringement action, and disputes between competitors where the core of the claim is harm to another business as opposed to consumers" fail to rise to the requisite level of public harm required to properly plead a Section 349 claim. *Gucci America Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003).

Plaintiff misconstrues *Securitron* by taking a single sentence out of context – "the critical question, then, is whether the matter affects the public interest." Prasad Br. at 4. That sentence is meaningless if one does not acknowledge that *Securitron* equates "public interest" with "public safety." *Securitron*, 65 F.3d at 264 (stating that giving false information to a "regulatory agency primarily concerned with the safety of the public. . . . surely [was] contrary to the public interest.") Prasad implies that the holding sets a low bar for the type of public interest violations implicated by Section 349, stating "[i]n essence, the harm to the pubic interest was present because Mr. Schnabolk wasted the time of municipal and private organizations with unnecessary accusation." Prasad Br. at 4 (internal quotation marks omitted). In fact, *Securitron* is about far more than 'wasting time' – *Securitron* upheld a judgment against a defendant where "[t]he evidence demonstrated that appellants gave false information . . . to the BSA, a regulatory agency *primarily concerned with the safety of the public.*" *Securitron*, 65 F.3d at 26 (emphasis added) (internal quotation marks omitted). This case represents the standard for Section 349 cases – that the impact on public health and/or safety, and not the commercial damages of a plaintiff, must be the gravamen of the complaint.

Plaintiff attempts to support this misreading of *Securitron* by citing four federal preliminary injunction cases for the argument that "cessation of trademark infringement is in the public interest." Prasad Br. at 4. Of the four cases it cites, and all are federal cases from other circuits having no say or impact on this, a *New York state* statute. *See, Boriquen Biscuit Corp. v. M.V. Trading Corp.*, 443 F.3d 112 (1st Cir. 2006) (referencing public policy regarding

3

trademarks as part of a discussion of the 'likelihood of success' prong of a preliminary injunction review); *KOS Pharm., Inc. V. Andrx Corp.*, 369 F.3d 700, 730 (3d Cir. 2004) (discussing "public interest" in trademark enforcement in connection with a pharmaceutical dispute impacting public health); *Sunbeam Prods Inc. v. West Bend Co.*, 123 F.3d 246 (5th Cir. 1997) (overturned as bad law by *Traffix Devices v. Mktg. Displays*, 532 U.S. 23, 35 (U.S. 2001)); *Tally-Ho Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018 (11th Cir. 1989) (a trade name dispute discussing an injunction against distribution of two different video series with the same name) (all cited by Prasad). None of these cases assist Prasad or refute that its Section 349 claims should be dismissed.

### B) Prasad's Suggestion that its Section 349 Claims Should Be Controlled by Case Law Regarding Section 5 of 15 U.S.C. § 45 Fails

Prasad states that "Section 349 . . . is to be interpreted by looking to the definition of deceptive acts and practices under section 5 of the Federal Trade Commission Act ('FTC Act'), 15 U.S.C. § 45." Prasad asserts that " . . . it has long been recognized that trademark infringement is a deceptive act within the scope of section 5 of the FTC Act." Prasad Br. at 5 (internal quotation marks omitted). In support of this contention, Plaintiff cites three factually distinguishable cases from 1937, 1928 and 1941, respectively. *See Federal Trade Comm'n v. Real Prods. Corp.*, 90 F.2d 617 (2d Cir. 1937) (decision regarding use of an identical trade name for a spark plug); *Federal Trade Comm'n v. Balme*, 23 F.2d 615 (2d Cir. 1928) (addressing hair dyes with similar trade name and dress); *Pep Boys – Manny, Moe & Jack, Inc. v. Federal Trade Comm'n*, 122 F.2d 158 (3d Cir. 1941) (addressing radio parts with misappropriated trade name). As these extremely old cases deal primarily with trade name issues, they do nothing to support Prasad's Section 349 claims over a rhinestone and sewn design on a pair of denim jeans.

In contrast to Prasad's arguments, courts in the Second Circuit routinely hold that trademark and trade dress actions that do not implicate public safety or health, but instead primarily concern an injury to a competitor, do not rise to the level of action taken by the FTC.

4

For example, in *Something Old, Something New, Inc. v. QVC, Inc.*, 98 Civ. 7450, 1999 U.S. Dist. LEXIS 18878, at *37 (S.D.N.Y. Dec. 8., 1999) the court held that since "trademark or 'trade dress' infringement claims . . . fall outside the original intent of [General Business Law] §§ 349-350 . . . federal courts have determined that the provisions require the sort of offense to the public interest which would trigger FTC intervention under 15 U.S.C.A. § 45." (Internal quotation marks omitted). The court then cited *Securitron* as a case where the public interest was implicated, due "to false information about security equipment given to the Bureau of Standards and Appeals, the regulatory agency primarily concerned with public safety." *Id.*

The court then contrasted *Securitron*, which did involve public health and safety, with a number of cases that did not rise to the level of an offense "which would trigger FTC intervention," including *DePinto v. Ashley Scott*, 222 A.D.2d 288, 635 N.Y.S.2d 215, 217 (1st Dept. 1995) (dismissing §§ 349 and 350 claims because they were based on "the alleged use of confusing labels in the manufacture of women's coats which does not pose a significant risk of harm to the public health or interest"), and *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 91 Civ. 4544, 1992 U.S. Dist. LEXIS 9881, at *4 (S.D.N.Y. July 2, 1992) (holding that where plaintiff alleged that Fendi New York undertook a "successful scheme to drive plaintiff out of business," including telling Short Hills customers that Fendi Short Hills did not sell "real Fendi" and urging Fendi Short Hills customers to file complaints with Fendi Italy, "the gravamen of Fashion Boutique [Short Hills'] claim is harm to the store, not harm to its customers, nor harm to the public at large . . . the alleged harm to the plaintiff's business far outweighs any incidental harm to the public at large."). *See also, e.g., Nat'l Distillers Prods. Co., LLC v. Refreshment Brands, Inc.*, 198 F. Supp. 2d 474, 487 (S.D.N.Y. 2002) ("It is well settled, however, that trademark or trade dress infringement claims are not cognizable under these statutes unless there is a specific and substantial injury to the public interest over and above ordinary trademark

5

infringement or dilution.") (citing *U-Neek, Inc., v. Wal-Mart Stores, Inc.*, 147 F. Supp. 2d 158, 176 (S.D.N.Y. 2001) (sections 349 and 350 "require the sort of offense to the public interest which would trigger FTC intervention under 15 U.S.C. § 45").

While Prasad cites two Supreme Court cases regarding FTC actions on trademark issues, these cases are not factually analogous to the matter at hand and are clearly distinguishable. *See, Federal Trade Comm'n v. Colgate-Palmolive Co.*, 380 U.S. 374, 375, 85 S. Ct. 1035, 1038 (1965) ( "The basic question before us is whether it is a deceptive trade practice, prohibited by § 5 of the [FTC Act] to represent falsely that a televised test, experiment, or demonstration provides a viewer with visual proof of a product claim, regardless of whether the product claim is itself true."); *American Airlines Inc. v. North American Airlines, Inc.*, 351 U.S. 79, 84, 76 S. Ct. 600, 605 (1956) (discussing the public impact of a confusion between "major air transportation services," outlining a litany of potential problems for the public, including that "the speed of air travel may very well be diminished . . ., [and] [f]riends, relatives, or business associates planning to meet passengers or seeing information on delayed arrivals are subject to annoyance or worse when confused as to the carrier.") These cases clearly concern false advertising and public concern, do not concern Section 349, and are not on point with a claim about the design on a pair of blue jeans.

    C)    **Prasad's Attempts to Recast Section 349 As Not Requiring An Impact On Public Health and Safety Run Counter to Precedent**

Prasad's final appeal is to ask this Court to overturn the law of the jurisdiction and allow its Section 349 claims to go forward despite legal precedent. Prasad states, "[i]t is respectfully submitted . . . that there is no principled way to harmonize or distinguish the differing applications of Section 349 claims in trademark infringement cases. To attempt to do so draws the courts into fine distinctions that are not consistent with the broad scope of Section 349 that covers 'virtually all economic activity.'" Prasad Br. at 9, citing *Karlin v. IVF America, Inc.*, 93

6

N.Y. 2d 282, 290-91, 712 N.E.2d 662, 690 N.Y.S.2d 495 (1999). This is wrong. The courts in this jurisdiction provide a perfectly clear and "principled" distinction – Section 349 applies in situations where trademark infringement affects public health and/or safety. *See, e.g., Securitron*, 65 F.3d at 264 (citing *AZBY Brokerage, Inc. v. Allstate Ins. Co.*, 681 F. Supp. 1084, 1089 n.6 (S.D.N.Y. 1988); *Gucci America Inc.*, 277 F. Supp. 2d at 273 (citing *La cibeles, Inc. v. Adipar, Ltd.*, 99 Civ. 4129, 2000 U.S. Dist. LEXIS 12676, at *50 (S.D.N.Y. Sept. 1, 2000) (citations omitted); *Weight Watchers Int'l Inc. v. Stouffer Corp.*, 744 F. Supp. 1259, 1285 (S.D.N.Y. 1990); *Vitabolics, Ltd. v. Krupka*, 606 F. Supp. 779 (E.D.N.Y. 1984); *Gross v. Bare Escentuals, Inc.*, 03 Civ. 3089, 2006 U.S. Dist. LEXIS 79320, at *13 (S.D.N.Y. Apr. 6, 2005).

Finally, and perhaps most importantly, the cases cited by Plaintiff to suggest that "federal courts in New York have found violations of Section 349 in trademark infringement cases . . . ." are factually and/or legally distinguishable from Plaintiff's general trademark claims. Some involve an impact on public health and safety. For example, *Bare Escentuals, Inc.* allowed a Section 349 claim to go forward "[g]iven MD SKINCAREs marks association with a medical doctor and both product-lines use of the term 'MD,' the potential for harm to consumers confused by similar logos and packaging is a legitimate concern raised by the plaintiffs." *Bare Escentuals,* 2006 U.S. Dist. LEXIS 79320 at *13. And *Vitabolics, Ltd.* specifically found an impact on public interest where the complaint alleged that the infringing vitamins contained "unlawful substances." 606 F. Supp. 779.

Prasad's other cases are factually distinguishable because they involve vast sums in advertising, or illegal acts outside of the realm of public health. In *GTFM, Inc. v. Solid Clothing, Inc.*, the plaintiff company had spent eight million dollars in advertising over the course of about six years. *GTFM, Inc.*, 215 F. Supp. 2d 273 (S.D.N.Y. 2002). *In re Houbigant Inc.* found a Section 349 claim sufficiently pled when plaintiff's referenced an "unlawful scheme to export

7

and sell counterfeit Houbigant goods in the United States." *Houbigant*, 914 F. Supp. 964, 984 (S.D.N.Y. 1995). *Centaur Commc'ns Ltd v. A/S/M/ Commc'ns, Inc.* involved the appropriation of a magazine trade name in a deliberate effort to block expansion of the owner of the mark into the U.S. market. *Centaur Commc'ns Ltd.*, 652 F. Supp. 1105 (S.D.N.Y. 1987).

Tellingly, the case Prasad cites to support its assertion that there is a split of case law on whether trademark infringement cases are within Section 349 (Prasad Br. at 8) clearly states, "Some courts have allowed . . . section 349 [to apply to general trademark claims], *but the majority* have held that the trademark cases are outside the scope of this general consumer protection statute." *Tommy Hilfiger Licensing, Inc. v. Nature Labs*, LLC, 221 F. Supp. 2d 410, 413 n.2 (S.D.N.Y. 2002) (emphasis added). Clearly, a Section 349 claim, filed by a competitor, about a pair of jeans whose alleged trade dress and mark are comprised of stitching and rhinestones, fall within that majority of cases where the courts have dismissed the Section 349 claim at the outset.

In sum, if a Section 349 is to survive a motion to dismiss, it requires an impact on public health and/or safety. Prasad has failed to plead any such harm (because it cannot), or refute the clear law outlined above and in Cache's Opening Brief. Claims Five and Six must be dismissed.

## II. PLAINTIFF HAS NOT ALLEGED THAT ITS MARK IS SUFFICIENTLY STRONG AS TO WARRANT PROTECTION UNDER SECTION 360-l, THUS CLAIMS SEVEN AND EIGHT MUST BE DISMISSED

Prasad essentially concedes that claims Seven and Eight must be dismissed by ignoring the weight of the case law presented in Cache's Opening Brief demonstrating that a mark must be extremely strong in order to survive a motion to dismiss a Section 360-l claim. Instead, Prasad concentrates on the misapplication of a single case. Prasad cites *SMJ Group, Inc. v. 417 Lafayette Rest. LLC.*, 60 Civ. 1774, 2006 WL 2516519 (S.D.N.Y. Aug. 30, 2006), quoting "New York's dilution statute does not require that a mark be famous. However, the mark must

'possess a distinctive quality capable of dilution," and "[a] trademark may be distinctive for purposes of New York law if it has acquired secondary meaning or if it is inherently distinctive." 2006 WL 2516519 at *3. Prasad then implies that the conclusory statements of distinctiveness contained in the Complaint constitute a properly pled claim under Section 360-l. This is simply not the case.

To begin with, Plaintiff selectively quoted *SMJ Group*, and failed to provide the court with the case's most relevant language:

> However, a trademark's distinctiveness in a limited . . . commercial area does not endow it with a secondary meaning for the public generally. Much like the legislative history behind the Lanham Act, the history of New York's dilution statute lists Dupont, Buick, Schlitz, Kodak, and Bulova as examples of marks that merit protection from dilution. Accordingly, while the New York statute does not share the Lanham Act's requirement that the mark be famous, courts in this district have concluded that "the *standards for establishing the distinctiveness* required to show dilution under New York law *closely resemble the standards for fame under the [Lanham Act]*.

*SMJ Group, Inc.*, 2006 WL 2516519 at *10 (emphasis added) (internal quotation marks and citations omitted). As such, Prasad hangs its hat on a case that contradicts its position and supports Cache's motion.

Additionally, Prasad's Brief ignores the vast majority of the case law in this Circuit, much of which was cited by Cache. Cache Br. at 8-9. Prasad suggests that Cache cited only three cases in support of its argument that under New York General Business Law's Anti-Dilution Statute, only "extremely strong" marks are protected. Prasad then states that two of the cases are factually distinguishable. Prasad Br. at 11. This is a clear misrepresentation of Cache's argument, which included no fewer than *twenty-three* cases stating clear New York law on the subject. *See* Cache Br. at 8-9. As explained in Cache's Brief, to warrant protection under § 360-l, a plaintiff's mark must be famous, or at the very least, extremely strong. *See, e.g., Sally Gee, Inc. v. Myra Hogan, Inc.*, 699 F.2d 621, 625 (2d Cir. 1983) (noting the New York anti-

9

dilution statute protects only extremely strong marks.) (citing *Allied Maintenance Corp. v. Allied Mechanical Trades, Inc.*, 42 N.Y.2d 538, 545-46 (N.Y. 1977)); *Welch Allyn, Inc. v. Tyco Int'l Serv. AG*, 200 F. Supp. 2d 130, 150 (N.D.N.Y. 2002) (for a valid dilution claim, "the Second Circuit has found that there must be 'some mental association between' the parties' marks [which] may be created where the plaintiff's mark is very famous . . . .") (quoting *Mead Data Cent., Inc. v. Toyota Motor Sales, Inc.*, 875 F.2d 1026, 1031 (2d Cir. 1989)); *Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.*, 973 F.2d 1033, 1049 (2d Cir. 1992); *Swatch Group (U.S.) Inc. v. Movado Corp.*, 01 Civ. 0286, 2003 U.S. Dist. LEXIS 6015, at *18 (S.D.N.Y. April 10, 2003); *Malaco Leaf, AB v. Promotion In Motion, Inc.*, 287 F. Supp. 2d 355, 367 (S.D.N.Y. 2003); *Bigstar Entm't, Inc. v. Next Big Star, Inc.*, 105 F. Supp. 2d 185, 218 (S.D.N.Y. 2000); *Kraft Gen. Foods, Inc. v. Allied Old English, Inc.*, 831 F. Supp. 123, 134 (S.D.N.Y. 1993) (all stating that the Anti-Dilution statute protects only famous or extremely strong marks.).

Thus, by conveniently ignoring the weight of the case law cited in Cache's Brief and cherry-picking the relevant language of the one case Prasad opted to discuss, Prasad's argument for maintaining its Section 360-l claims utterly fails, and there is no question that, as a matter of law, Claims Seven and Eight must be dismissed.

## CONCLUSION

Prasad seeks to obscure and recast the relevant case law of this jurisdiction to create a legal fiction wherein its clearly insufficient claims be allowed to proceed. In doing so, Prasad misapplies the law and calls upon cases outside of the relevant jurisdiction, case law from more than eighty years ago, and cases that are irrelevant to the facts at hand. None of these efforts to cloud and confuse the straightforward nature of this matter overcomes the legal precedent delineated in Cache's Brief. As such, Prasad's arguments fail, Claims Five, Six, Seven and Eight must be dismissed as a mater of law.

Dated: August 21, 2007

                                NIXON PEABODY LLP

By:     /s/ Tamar Duvdevani
        Frank W. Ryan (FR 0618)
        Tamar Y. Duvdevani (TD 7603)
        437 Madison Avenue
        New York, New York 10022
        (212) 940-3000
        (212) 940-3111 (fax)

        Attorneys for Defendant
        Cache, Inc.