UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KARAM PRASAD, LLC d/b/a/ BISHOP OF          :
SEVENTH,                                     :
                                             :
                    Plaintiff,               :          07 Civ. 5785 (PAC)
                                             :
        -against-                            :          ORDER
                                             :
CACHE, INC.,                                 :
                                             :
                    Defendant.               :
-------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Karam Prasad LLC ("Prasad") brings this trademark infringement action against Cache Inc. ("Cache") for infringing on its mark consisting of a unique stitching design and crystals on the back pockets of its designer jeans. The Court granted Prasad's motion for a preliminary injunction on the record on August 21, 2007. Before the Court now is Cache's motion to dismiss claims Five through Seven of the Amended Complaint. For the reasons discussed below, the motion is granted in part and denied in part.

## FACTS

Prasad's principals are high-end fashion designers in New York City whose clothing line includes premium jeans. Prasad alleges that they created the original design to identify and distinguish its line of designer jeans, which was unveiled at a fashion show in New York in September 2004. Prasad then began using crystal inlays in its jean, with the stitching design, in April 2005. This "Crystal Jean" retails for $310-$340.

Defendant Cache is a retail chain with approximately 260 stores nationwide, with its principal place of business in Florida. Its website, www.cache.com,

1

sells jeans ranging from $88-$158.  Prasad alleges that Cache's "Besom Pocket Stretch Jean" infringes on its mark, because it uses the identical stitching and crystal inlay as the "Crystal Jean."  Cache has been selling the allegedly infringing jeans on its website and in its stores for $88, then discounted to $44.  The "Besom Jean" is no longer on Cache's website, but it admits that it still has between 600-700 in stock throughout its stores nationwide, but refuse to pull them from the shelves.

Prasad alleges it first heard of the "Besom Jean" on May 12, 2007 and began efforts to get Cache to cease and desist thereafter, culminating in the filing of this action on June 19, 2007, and the motion for injunction on August 10, 2007.  Cache now moves to dismiss claims Five through Eight.

## STANDARD OF REVIEW

In evaluating a motion to dismiss a complaint under Rule 12(b)(6), the Court must determine whether the "[f]actual allegations … raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (internal citations omitted).  Furthermore, the Court "must accept as true all of the factual allegations set out in plaintiff's complaint [and] draw inferences from those allegations in the light most favorable to plaintiff …."  Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001) (citation omitted).  Consideration is limited to the factual allegations in a plaintiff's complaint, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in the plaintiff's possession or of which the plaintiff had knowledge and relied on in bringing suit.  See Brass v. Amer. Film Techn., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

**DISCUSSION**

**I. Fifth and Sixth Claims for Deceptive Trade Practices**

Cache argues that the Fifth and Sixth claims of the Amended Complaint alleging violations of New York General Business Law § 349 fail to state a claim because Prasad has not sufficiently alleged a harm to public interest. The Court agrees.

To establish a <u>prima facie</u> case for a claim of deceptive trade practices under N.Y. G.B.L. § 349, a claimant must allege that: "(1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." <u>Gucci Am., Inc. v. Duty Free Apparel, Ltd.</u>, 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003) (citation omitted). Moreover, "corporate competitors now have standing to bring a claim under this [statute] ... so long as some harm to the public at large is at issue. However, when a competitor raises a § 349 claim, it is clear that the gravamen of the complaint must be consumer injury or harm to the public interest." <u>Id.</u> (internal quotation marks and citations omitted).

Prasad alleges that "unlawful use of [its] trademark and trade dress is a consumer-oriented deceptive practice that is materially misleading and injurious to consumers, to Plaintiff, and to the public interest." (Am. Compl. ¶ 22.) The Court finds that this is insufficient as a matter of law. Although there is a split in this Circuit regarding infringement claims under § 349, the "the majority [of courts] have held that trademark cases are outside the scope of this general consumer protection statute." <u>Tommy Hilfiger Licensing, Inc. v. Nature Labs, LLC</u>, 221 F. Supp. 2d 410, 413 n.2 (S.D.N.Y. 2002). As Judge Marrero explained:

> Claims that arise out of a trademark infringement action, and disputes between competitors where the core of the claim is harm to another business as opposed to consumers, both constitute situations which courts have found to reflect

a public harm that is too insubstantial to satisfy the pleading requirements of § 349. <u>See, e.g.</u>, <u>Sports Traveler</u>, 1997 WL 137443, at *3 (noting that "[t]he courts of this Circuit have held that trademark infringement actions alleging only general consumer confusion do not threaten the direct harm to consumers that is required to state a claim under Section 349."); <u>Winner Int'l v. Kryptonite Corp.</u>, No. 95 Civ. 247, 1996 WL 84476, at *3 (S.D.N.Y. Feb. 27, 1996) (noting that "Courts routinely reject such attempts to fashion Section 349 ... claims from garden variety disputes between competitors" where the gravamen of the complaint is harm to another business); <u>Fashion Boutique of Short Hills</u>, 1992 WL 170559, at *4 (dismissing a claim under § 349 where the "alleged harm to [the claimant's] business far outweighs any incidental harm to the public at large.").

<u>Gucci</u>, 277 F. Supp. 2d at 273-74.

Finding no extraordinary circumstances which would take the facts of this case out of the majority view of this Circuit, the Court dismisses these claims.

## II.  Seventh and Eighth Claims Under New York's Anti-Dilution Statute

Cache also argues that the claims for infringement under New York's Anti-Dilution Statute, N.Y. G.B.L. § 360-1, should be dismissed for failure to state a claim because Prasad has not alleged that the mark is "famous."  The Court disagrees.

N.Y. G.B.L. § 360 provides:

Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.

In order to establish a dilution[1] claim under New York law, two elements must be shown: (1) ownership of a distinctive mark, and (2) a likelihood of dilution. Sally Gee, Inc. v. Myra Hogan, Inc., 699 F.2d 621, 625 (2d Cir. 1983).

Cache argues that Prasad's claims fail because it has not alleged that the mark is "famous" or "very strong." Prasad, however, is confusing the standard with the federal dilution standard. "New York's dilution statute does not require that a mark be famous. The mark, however, must "possess a distinctive quality capable of dilution." SMJ Group, Inc. v. 417 Lafayette Rest. LLC, 2006 WL 2516519 (S.D.N.Y. Aug. 30, 2006) (citing Mead Data Cent., Inc. v. Toyota Motor Sales, U.S.A., Inc., 875 F.2d 1026, 1030 (2d Cir. 1989)). Prasad has properly alleged that the mark is distinctive, which is sufficient for this stage of the pleadings. (See Am. Compl. ¶ 2) ("Plaintiff's signature and composite trademarks are inherently distinctive. Through use and promotion thereof, Plaintiff's trademarks have become an intrinsic and essential part of the valuable goodwill and property of Plaintiff.") Therefore, the motion to dismiss these claims is denied.

## CONCLUSION

Cache's motion to dismiss is GRANTED as to the Fifth and Sixth claims, and DENIED as to the Seventh and Eighth claims.

Dated: New York, New York
    August 27, 2007

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

---

[1] Dilution is a "gradual whittling away of a firm's distinctive trade-mark or name." Hormel Foods Corp. v. Jim Henson Prods., Inc., 73 F.3d 497, 506 (2d Cir. 1996).

5